Shafto *v.* Shafto.

---

ROBERT K. SHAFTO

*v.*

HANNAH L. SHAFTO.

1. Divorce for alleged impotence of the wife denied on the merits.
2. Order for inspection denied in consideration of the wife's age.

---

Petition for divorce on the ground of alleged impotence. Motion for order that defendant submit herself to inspection.

Shafto *v.* Shafto.

*Mr. G. C. Beekman*, for petitioner.

*Mr. C. Haight*, for defendant.

THE CHANCELLOR.

The parties to this suit were married on the 23d of February, 1871, and lived together, as man and wife, until the 20th of July, 1876, when the defendant left her husband's house, in resentment at the indignity which he had put upon her in giving to his daughter, by a former marriage, the control of the affairs of the household, to the exclusion of the defendant, and at a false accusation (of a trivial sort, however,) which he had made against her. When she left his house he offered to give her a part of his property, if she would release his estate from all claim on account of her dower. She swears that he then told her that, if she would not accept that proposition, he would swear that their marriage had never been consummated, and that, in that case, she would get nothing.

His bill was not filed until after he had been sued for her board by the person in whose family she lived after she left him. After she had left his house as before mentioned, his son went to see her and endeavored to induce her to return, promising that, if she would do so, she should be re-instated in her position in the household. She refused, because of her husband's conduct towards her, which had been the cause of their separation. When they were married he was in his sixtieth year, and she was sixty-three. He is, therefore, at this time, in his sixty-sixth year, and she is sixty-nine. They lived together as husband and wife for nearly five years and a half, and they separated on account of domestic difficulties in no wise connected with the alleged ground of divorce. While he, on the one hand, swears that he was never able to consummate the marriage, by reason of physical obstruction rendering her incapable of connubial intercourse, she, on the other hand, explicitly swears, not only to her capability in that respect, but that such inter-

course took place, at the will of the petitioner, almost from the date of their marriage. She narrates, also, the circumstances in regard to their intercourse, none of which are denied by the petitioner. He made no complaint of her incapability to any one. It is true, he says he thinks he made complaint on the subject to one of his sons, almost two years ago, but he does not say to which one, nor is there any evidence that such was the fact. His testimony as to her incapacity is fully met, to say the least of it, by her testimony to the contrary. It appears, as before stated, that their separation was not in any wise caused by her alleged incapacity for marital intercourse, and that if she had been willing to be reconciled to him he would have received her again as his wife. His delay in applying to this court for a year and a half after the act allowing divorce for the cause of impotence went into effect, and the fact that he only made application after she left him, and he had been sued for her board, are of themselves strong reasons for denying the relief he seeks. On the testimony, as it stands, he is not entitled to a divorce, and the question is, whether the court will require her to submit herself to an examination. When she was married she was of advanced age, and she is now nearly to the limit of life. Under such circumstances as this case presents, an inspection will not be ordered. *Shelford on Marr. and Div.* 211; 2 *Bishop on Marr. and Div.* § 584. "If," says Sir William Scott, in *Briggs* v. *Morgan*, 3 *Phill.* 325, "there is just reason, either to suspect the truth of the statement, or to think the injury inconsiderable, the court will hesitate before it descends to modes of proof which are painful. The age is entitled to great consideration. The injury is very different from that which may occur in an earlier period of life, at a time of life when the passions are subdued and the marriage is contracted only for comfortable society. The exposure, also, of the person, at an advanced stage of life, may be felt with greater abhorrence, and complied with with more reluctance, than in the case of a younger person." The motion is denied.